IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 26-cv-02981-CYC

GONZALO TORRES GONZALEZ,

Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the Denver Contract Detention Facility;
GEORGE VALDEZ, in his official capacity as Field Office Director, Denver Field Office of U.S. Immigration and Customs Enforcement;
DAVID VENTURELLA, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, in his official capacity as Secretary of U.S. Department of Homeland Security; and
TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

---

## ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge.**

Petitioner Gonzalo Torres Gonzalez, a detainee at the Aurora Contract Detention Facility in Aurora, Colorado, petitions for a writ of habeas corpus, contending that he was subject to a constitutionally inadequate bond hearing. ECF No. 1 (the "Petition"). Because this is a fundamentally legal debate, there is no need for a hearing on the Petition. *See* 28 U.S.C. § 2243. For the reasons that follow, the Court grants in part the Petition.

## BACKGROUND

The petitioner seeks release or, in the alternative, a bond hearing. ECF No. 1 at 21–22. The petitioner, a citizen of Mexico, has lived in the United States since he entered in 2025, and is married to a United States citizen. ECF No. 1 at ¶¶ 30–32. As a result, he had

been present in the United States for over a year before he removal proceedings were initiated on February 16, 2026. *Id.* ¶ 43. After he was taken into custody, he was transported to the Aurora Contract Detention Facility and has been detained there since. *Id.* ¶ 24. On May 1, 2026, an Immigration Judge ("IJ") held a bond hearing. *Id.* ¶ 48. On May 5, the IJ held that the petitioner "has not met his burden to establish he is not a danger to the community and bond is denied." *Id.* ¶ 58.

**ANALYSIS**

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. This includes "[c]hallenges to immigration detention." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004). The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

The Court first considers its jurisdiction. The petitioner was denied bond and, therefore, remains in custody today. The petitioner does not ask the Court to conduct a bond hearing, weigh the evidence, or step into the shoes of the immigration judge. Instead, he asks the Court to consider whether the bond hearing complied with due process. The Court maintains jurisdiction to consider a constitutional challenge to a bond hearing. *Demore v. Kim*, 538 U.S. 510, 517 (2003) ("Section 1226(e) contains no explicit provision barring habeas review, and we think that its clear text does not bar respondent's constitutional challenge to the legislation authorizing his detention without bail."); *Ochoa v. Mullin*, No. 26-CV-00968-PAB, 2026 WL 972344, at *3 (D. Colo. Apr. 10, 2026) ("[T]he Court noted that courts have the authority to intervene if immigration judges are imposing unconstitutional standards at bond hearings." (citing *De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *4 n.7 (D. Colo. Feb. 17, 2026))).

The respondents' argument that the bond hearing provided the required due process fails. It is undisputed that the immigration judge placed the burden of proof on the petitioner. ECF No. 1 at 48. The Court has thoroughly analyzed this question in *Kuzmic v. Baltasar*, No. 26-cv-00577-CYC, 2026 WL 1291853, at *2–5 (D. Colo. May 12, 2026). The Court incorporates its analysis in *Kuzmic* here and concludes that because the burden of proof was placed on the petitioner, the bond hearing did not provide him the required due process. Instead, to comply with due process, at a § 1226(a) bond hearing, the government must bear the burden of proving that the petitioner is a flight risk by a preponderance of the evidence or a danger by clear and convincing evidence. *Id.* at *1–2, 6. In short, the bond hearing before the immigration judge did not comport with the minimal requirements of due process because the immigration judge placed the burden of proof on the petitioner. "To address the due process violation resulting from the Section 1226 bond hearing that improperly required Petitioner to prove entitlement to release, a bond hearing in which the government" bears the burden of proof is required. *Gill v. Mullin*, No. 4:26-cv-00523, 2026 WL 1215055, at *5 (N.D. Ohio May 4, 2026); *Lopez*, 2026 WL 961948, at *4, 6 (finding that bond hearing did not comport with due process because the burden of proof was improperly placed on the petitioner and ordering second bond hearing).

Finally, the respondents argue that the petitioner has not exhausted his administrative remedies. ECF No. 11 at 3. Exhaustion, however, is not jurisdictional. *See McCarthy v. Madigan*, 503 U.S. 140, 146 (1992). With regard to immigration laws, exhaustion of remedies is statutorily required only for appeals of final orders of removal. *See* 8 U.S.C. § 1252(d)(1). Because Congress has not required exhaustion of administrative remedies in this instance, it is discretionary. Therefore, the Court considers whether this case falls within the "'broad sets of circumstances in which the interests of the individual weigh heavily against requiring

administrative exhaustion': 1) where requiring resort to an administrative remedy may cause undue prejudice to the assertion of a subsequent court action, as where the time period required for administrative action is unreasonable or indefinite; 2) where the administrative remedy is inadequate because of doubt as to whether the agency is empowered to grant relief; and 3) where the administrative remedy is inadequate because the administrative body is biased or has otherwise predetermined the issue before it." *Hoang v. Comfort*, 282 F.3d 1247, 1254 (10th Cir. 2002) (quoting *McCarthy*, 503 U.S. at 146–149), *abrogated on other grounds by Demore*, 538 U.S. at 510. Here, as in *Hoang*, because the petitioner brings a constitutional challenge regarding the process provided, the Court declines to deny the motion on exhaustion grounds. *See id.* at 1254 (finding that a constitutional challenge did "not implicate the discretion or the expertise of the" Board of Immigration Appeals ("BIA") and the BIA "does not have the power to reach constitutional arguments, and thus is not empowered to grant effective relief"); *Lopez*, 2026 WL 961948, at *4 (concluding exhaustion was not required because the petition raised a question of constitutional interpretation regarding the burden of proof in bond hearings and the BIA cannot review constitutional challenges) (collecting cases); *see also Alvarado Lopez v. Dillman*, No. 1:25-cv-2456 (LMB/LRV), 2026 WL 688958, at *6 (E.D. Va. Mar. 11, 2026) ("Here, the federal respondents have not advanced any compelling argument for the proposition that [the petitioner] should be required to appeal to the BIA before seeking relief in this Court, and the Court will not require [the petitioner] to sit in an ICE detention facility for months on end while she awaits a BIA decision." (quotation marks omitted)). Accordingly, the Court appropriately considers whether the process afforded by the May 1, 2026 bond hearing complied with due process.

There is a final matter. The petitioner requests attorneys' fees and costs. ECF No. 1 at 22. But D.C.COLO.LCivR 54.3(a) requires that "a motion for attorney fees . . . be supported by

affidavit," and no such affidavit supported the request. Further, "a motion involving a contested issue of law shall . . . be supported by a recitation of legal authority in the motion." D.C.COLO.LCivR 7.1(d). As a result, the Court denies this portion of the Petition without prejudice. If the petitioner chooses to file a motion for attorney fees, it must comply with all applicable rules and provide legal authority for the request. *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1187 (D. Colo. 2024).

**CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that the Petition, ECF No. 1, is **GRANTED in part** and **DENIED without prejudice in part.**

It is further ORDERED that

(1) the respondents shall provide the petitioner with a second bond hearing under 8 U.S.C. § 1226(a), with the government bearing the burden of proving that the petitioner is a flight risk by a preponderance of the evidence or a danger by clear and convincing evidence, within **three days** of this Order; and

(2) the respondents shall file a status report within **four days** of the petitioner's bond hearing, stating whether he has been granted bond, and, if his request for bond was denied, the reasons for that denial; and

(3) the Motion for Expedited Ruling, ECF No. 15, is **GRANTED**, given that this Order rules on the Petition.

Entered and dated this 24th day of August, 2026, at Denver, Colorado.

BY THE COURT:



Cyrus Y. Chung

United States Magistrate Judge