IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 26-cv-02981-CYC

GONZALO TORRES GONZALEZ,

Petitioner,

v.

JUAN BALTASAR, in his Official Capacity as Warden at GEO Group Ice Processing Center;
GEORGE VALDEZ, in his Official Capacity as Director of the Denver Field Office for U.S. Immigration and Customs Enforcement;
DAVID VENTURELLA, in his Official Capacity as Acting Director of U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity; and
TODD BLANCHE, Attorney General of the United States, in his official capacity,

Respondents.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

Some two months ago, the Court ordered a bond hearing for petitioner Gonzalo Torres Gonzalez at which the respondents were to bear the burden of proving that detention was necessary. *Torres Gonzalez v. Baltazar*, No. 26-CV-02981-CYC, 2026 WL 2474336, at *2 (D. Colo. Aug. 24, 2026). He received a hearing but contends that it did not meet the requirements of the Order. He therefore moves to enforce the Order. ECF No. 17 at 1–3. But his attack, however phrased, targets the immigration judge's ("IJ") weighing of evidence. It therefore lies beyond the Court's reach and, as such, his motion, ECF No. 17, is **DENIED**.

**BACKGROUND**

The petitioner, a noncitizen in removal proceedings, is currently detained by U.S. Immigration and Customs Enforcement at the Aurora ICE Processing Center, ECF No. 1 ¶¶ 20, 23–24, 43, where he has been since February 2025. *See id.* ¶ 24. He filed an application for writ of habeas corpus on July 2, 2026, arguing that a bond hearing he received previously fell short of due process. *Id.* ¶¶ 74–121. On August 24, 2026, the Court held that the IJ improperly placed the burden on the petitioner in that first hearing and ordered "a second bond hearing under 8 U.S.C. § 1226(a) with the government bearing the burden of proving that the petitioner is a flight risk by a preponderance of the evidence or a danger by clear and convincing evidence." *Torres Gonzalez*, 2026 WL 2474336, at *2.

The petitioner had a timely bond hearing before an IJ. ECF No. 17 at 25. The outcome was the same, despite the shifted burden. The IJ found that the Department of Homeland Security ("DHS") "ha[d] carried its burden of establishing dangerousness by clear and convincing evidence as well as its burden of establishing flight risk by a preponderance of the evidence." ECF No. 17 at 19, 22. With respect to dangerousness, the IJ relied on the petitioner's February 2026 arrest for harassment. ECF No. 17 at 20. She acknowledged that the arrest led to no conviction and that the victim — the petitioner's wife — did not presently fear the petitioner. *Id.* Nevertheless, she found that DHS had established dangerousness through the arrest. *Id.*

With respect to flight risk, the IJ found that the petitioner's "period of residence in the United States" was "exceptionally short," that he "[h]e admitted that he worked in the United States despite lacking employment authorization," had "no driver's license," and had a "presently uncertain" outcome in his pending I-130 petition. *Id.* at 20–21. Those factors, in

addition to "the limited duration of the [petitioner and his wife's] shared residence before detention; the absence of documentary evidence; . . . [and] his limited independent community ties," demonstrated to the IJ that detention was warranted, notwithstanding his marriage ties to his wife, who is presently serving in the Army. *Id.* at 21–22.

This motion followed, ECF No. 17, and the respondents opposed. ECF No. 19.

**DISCUSSION**

The petitioner contends that the IJ flouted this Court's August Order. Two separate principles govern the inquiry. First, "[t]he Attorney General's discretionary judgment regarding" bond hearings held under 8 U.S.C. § 1226 "shall not be subject to review." *Id.* § 1226(e). At the same time, "[w]hether [a petitioner] received the due process to which he was entitled 'is not a matter of discretion' and is subject to judicial review." *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)). Thus, "[w]here a petitioner argues that the immigration judge applied an improper legal standard in violation of a court order, rather than setting aside the custody determination of the immigration judge, the Court is 'assessing whether the IJ applied the legal standard prescribed by this Court and otherwise followed the Court's directives.'" *Maldonado Ochoa v. Baltazar*, No. 26-CV-01449-PAB, 2026 WL 1615245, at *2 (D. Colo. June 5, 2026) (quoting *Quiroz Zacarias v. Mullin*, No. 26-cv-0574-WJM, 2026 WL 1092162, at *3 (D. Colo. Apr. 22, 2026)). In that context, a court has authority to enforce its own orders. *See id.*; *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). But "the [Immigration and Nationality Act] forbids federal district courts from effectively serving as an appellate court over an IJ's bond decision." *Quiroz Zacarias v. Mullin*,

No. 26-CV-0574-WJM, 2026 WL 1092162, at *3 (D. Colo. Apr. 22, 2026) (citing 8 U.S.C. § 1226(e)). That is what the petitioner's motion asks the Court to do.

The August Order instructed the IJ to put the burden of proof on the government. *See Torres Gonzalez*, 2026 WL 2474336, at *2. The IJ acknowledged that the Order's standard applied to her analysis. *See* ECF No. 17 at 19. She then summarized the evidence and found "that DHS has established by clear and convincing evidence that Respondent presently poses a danger to the community," *id.* at 20, and, "[h]aving balanced the favorable and unfavorable evidence," found "that DHS has established by a preponderance of the evidence that Respondent poses a risk of flight." *Id.* at 22. No more was exigible.

The petitioner protests. But his arguments demonstrate why his dispute lies beyond this Court's reach. He acknowledges, for instance, that the IJ grounded her decision on flight risk in, among other things, his lack of independent community ties and his short stint in the country, but he counters that his wife's testimony illustrated a more forceful anchor to this country than those circumstances indicated. ECF No. 17 at 12. Such arguments "challeng[e] . . . discretionary determination[s] that the Court may not review." *Lleshi v. Noem*, No. 1:26-CV-00032-KWR-SCY, 2026 WL 837006, at *2 (D.N.M. Mar. 26, 2026). And "[d]iscretionary agency decisions may not be recast as constitutional errors or questions of law so as to invoke [the Court's] jurisdiction." *Tobar v. Gonzales*, 200 F. App'x 796, 799 (10th Cir. 2006). He also challenges the IJ's reliance on his lack of documentation related to work authorization, fixed residence, and driver's license by referring to testimony illustrating that his true circumstances belie that lack of documentation. ECF No. 17 at 12. But, again, that asks the Court to examine the IJ's weighing of evidence, not to ensure that its orders were followed. The Court cannot do so.

The short of it is that where the IJ has implemented the proper burden-shifting framework, "[t]his Court's jurisdiction does not extend to reweighing the IJ's bond determination." *Pallares v. Valdez*, No. 26-CV-01870-PAB, 2026 WL 2057649, at *1 (D. Colo. July 16, 2026) (quoting *Tepehua-Tlapaltotoli v. Noem*, 2026 WL 766073, at *2 (D.N.M. Mar. 18, 2026)). Certainly, there are sympathetic facts: one could legitimately question whether adequate evidence here supports the idea that no bond would prevent the petitioner from abandoning his active-duty military wife, who petitioned for him to stay in the country, to flee. And one could take issue with the holding that a dismissed harassment charge proves current dangerousness in the face of contradictory testimony. But it does not matter that the Court might have decided the issue differently; Congress has taken that decision out of a district court's scope of review. There is therefore no jurisdiction here to conduct the review that the petitioner seeks.

## CONCLUSION

For the foregoing reasons, the petitioner's motion to enforce, ECF No. 17, is **DENIED**.

It is further **ORDERED** that the petitioner's Motion to Expedite Decision, ECF No. 21, is **DENIED as moot**.

The Clerk of the Court is directed to enter judgment and close this case.

DATED this 4th day of November, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge